NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUVANI ISAAC CASTELLANOS-SANTIAGO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71296<br><br>Agency No. A079-594-916<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Yuvani Isaac Castellanos-Santiago, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

----

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The BIA did not abuse its discretion by denying Castellanos-Santiago's motion to reopen as untimely and number-barred. First, the successive motion was filed more than four years after his removal order became final. *See* 8 C.F.R. § 1003.2(c)(2). Second, Castellanos-Santiago failed to present material evidence of changed country conditions in Mexico to qualify for an exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey,* 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence of change in the country of origin that would establish prima facie eligibility for relief). Third, he failed to establish the due diligence required for equitable tolling of the filing deadline. *See Avagyan,* 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

In light of this disposition, we do not reach Castellanos-Santiago's remaining contentions. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

11-71296